IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIR CEA G. MAI,<br>aka Hermione Kelly Winter<br>aka Kelly E.S. Aliahmed<br>aka Evonca Sakinah S. Aliahmed<br>aka Kelly E. Sakinah<br>aka David Allen Allemandi,<br><br>            Petitioner,<br><br>   v.<br><br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>            Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No. 20-1225-LPS<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM**

### I. BACKGROUND

On April 10, 2014, Petitioner pled guilty to second degree rape and continuous sexual abuse of a child (as the lesser included offenses of first degree rape). *See Winter v. May*, 2020 WL 6743063, at *1 (D. Del. Nov. 17, 2020). The Superior Court sentenced Petitioner as follows: (1) for the continuous sexual abuse of a child conviction, twenty-five years of Level V incarceration (with credit for 216 days previously served), suspended after five years for twenty years of Level III probation; and (2) for the second degree rape conviction, twenty-five years at Level V, suspended after fifteen years and successful completion of the Transitions Sex Offender Program for one year of Level IV confinement, followed by eight years of Level III probation. *See id.* Petitioner did not appeal her convictions or sentences.

In 2017, Petitioner filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. *See id.* The Court denied the petition in its entirety after determining that one claim lacked merit and

the remaining two claims were procedurally barred from federal habeas review. *See id.* at *3-9. Petitioner did not appeal that decision to the Third Circuit.

Presently pending before the Court is Petitioner's new petition for federal habeas relief pursuant to 28 U.S.C. § 2254 ("Petition").

## II.  LEGAL STANDARDS

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A district court can entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and only if the relief sought is either immediate release or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## III.  DISCUSSION

The actual form petition filed by Petitioner does not contain any grounds challenging the legality of her custody, and only states that she seeks "release from prison." (D.I. 1 at 15) In an "Affidavit" attached to the petition, Petitioner asserts general complaints about the conditions of her confinement, concerns about her ill mother, and her own medical concerns. (D.I. 1-1 at 1) These complaints do not present issues cognizable on federal habeas review, and are more properly asserted via 18 U.S.C. § 1983 (although they may also lack merit under that statute as well). Given the number of § 1983 cases Petitioner has filed in this Court,[1] it would appear that Petitioner is aware of the proper method for raising the instant issues. Accordingly, the Court will summarily dismiss the instant Petition for lack of jurisdiction.

---

[1] *See, e.g., Aliahmed v. Mears*, Civ. A. No. 21-219-LPS; *Sakinah v. Carney*, Civ. A. No. 20-1195-LPS.

2

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Wilmington, Delaware
June 13, 2022

HONORABLE LEONARD P. STARK
UNITED STATES CIRCUIT JUDGE